IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUDOLPH SERRANO,

        Plaintiff,

v.     No. 15cv1064 WJ/WPL

MAYOR GREGORY HULL, *et al.*,

        Defendants.

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed November 20, 2015 ("Application"), and on his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed November 20, 2015 ("Complaint"). For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff states that: (i) his monthly income is $950.00; (ii) his monthly expenses are $950.00; (iii) he has no cash and no funds in a checking account; (iv) his only asset is vehicle valued at $2,500.00; and (v) he is unemployed. Because he is unemployed and his monthly expenses equal his monthly income, the Court finds that Plaintiff is unable to prepay the fees to initiate this action.

**Dismissal of Proceedings** *In Forma Pauperis*

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th

Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 and named the following defendants: Mayor Gregory Hull, Chief Michael Geier, Rio Rancho Police Officer M. Campos, and Cpl. Y. Marshall. Plaintiff alleges the following facts in support of his "character asesination" and "depravation of rights" causes of action:

> On 21/15/2014 while I was in Miami, where I live during winters, Officer Campos, lie in his report, conspire and knowingly I was out of reach. Instead of instructing Lisa Maestas to file, in Albuquerque court where the case is pending, malesiously and with intent to portrait me as an offender, charge me with protection violation, redistricted plan in order to achieve a racial outcome . . . Off. Campos action, had impede my right to happiness by interfering my case in front Judge Lavelle by profiling me as a violator Hispanic male. . . . I being stop in Florida, and when police run my name I look like an habitual offender, do false charges by R.R. Police Dept. . . . I try to talk to chief, but since is in trial, I get no response.

[sic] Complaint at 1-4. There are no allegations regarding Defendants Hull and Marshall. The

only allegation regarding Defendant Geier is that he did not respond to Plaintiff.

The Court will dismiss the civil rights claims against Defendants because Plaintiff's Complaint fails to state a claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *See Walker v. White*, 2015 WL 6467899 at *2, ---Fed.Appx.---, (10th Cir. 2015) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Plaintiff's Complaint does not allege the violation of any rights secured by the Constitution or the laws of the United States.

Because it is dismissing all of Plaintiff's claims for failure to state a claim, the Court will dismiss Plaintiff's Complaint without prejudice. Plaintiff may file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. Plaintiff's Complaint is deficient because Plaintiff has not included the Defendants' addresses, which are required to serve process. The Court will order service if Plaintiff timely files an

amended complaint which states a claim and includes the addresses of every defendant named in the amended complaint.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed November 20, 2015, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed November 20, 2015, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**